Weygandt, C. J.
The complete answer to this controversy is found in the simple unambiguous language of Section 2117.07, Revised Code, which reads in part as follows:
“Anyone having a claim against an estate who fails to present his claim to the executor or administrator within the time prescribed by law may file a petition in the Probate Court for authority to present his claim after the expiration of such time. Such petition forthwith shall be assigned for hearing and at least five days before the date of the hearing the claimant shall give written notice thereof to the executor or administrator and to such other parties as the court may designate. The court may authorize such claimant to present his claim to the executor or administrator if, on the hearing, the court finds as follows:
“(A) That the claimant did not have actual notice of the decedent’s death or of the appointment of the executor or administrator ip sufficient time to present his claim within the *473 period prescribed by Section 2117.06 of the Revised Code * * V’
It is the contention of the claimant, The Redifer Bus Company, that, if it did not have actual notice of either the decedent’s death or the administrator’s appointment, it is entitled to an opportunity to present its claim after four months. It did have actual notice of the decedent’s death but not of the administrator’s appointment. Hence, it insists that," -in the absence of immediate actual notice of the administrator’s appointment, it should be allowed to file its claim after four months even if it did have immediate actual notice of the decedent’s death. It relies on the second paragraph of the syllabus in the decision of this court in the case of In re Estate of Marrs, 158 Ohio St., 95. The entire syllabus reads:
“1. One who has a claim against a decedent’s estate and fails to present the same in writing to the executor or administrator within four months of his appointment, as required by Section 10509-112, General Code [now Section 2117.06, Revised Code], may, after the expiration of such time, under Section 10509-134, General Code [now Section 2117.07, Revised Code], petition the Probate Court for leave to do so and where upon hearing the court finds ‘that the claimant did not have actual notice of the decedent’s death or of the appointment of the executor or administrator in sufficient time to present his claim within the time prescribed by law * * * then the court may authorize such claimant to present his claim to the executor or administrator after the expiration of such period.’
“2. The disjunctive conjunction, ‘or,’ is used in Section 10509-134, General Code, in its ordinary sense and meaning, and where upon hearing of the petition for authority to file a belated claim the evidence discloses that claimant actually knew of the decedent’s death and his place of residence shortly after the death occurred and that in the exercise of reasonable diligence the claimant could have learned of the appointment of an administrator and thereafter had a fair opportunity to present his claim within the four months prescribed by Section 10509-112, General Code, the court is chargeable with no error or abuse of discretion in denying claimant authority to present such claim.”
It is apparent that the plaintiff claimant is seeking to *474 apply the Whirrs case decision to a factual situation broader than that in actual existence in that case. There, as in the instant case, the claimant had actual notice of the decedent’s death. There, as here, the claimant did not have actual notice of the administrator’s appointment. There the claimant was not granted leave to present its claim. Here the lower courts did grant leave to the claimant. Should the instant claimant be granted leave to present its claim solely on the ground that it did not have actual notice of the administrator’s appointment, although the claimant in the Marrs case was denied such leave when it lacked similar knowledge? The unambiguous language of the statute precludes this result. If a claimant has actual notice of the decedent’s death “or” of the administrator’s appointment, he is- not entitled to relief under this statute. The word “or” is disjunctive, and there is nothing in the context to indicate that it was employed by the General Assembly in other than its general acceptation. If the statute is to be amended, this clearly is a matter of legislative policy not within the judicial power.
The judgment of the Court of Appeals must be reversed and final judgment rendered for the defendant administrator.

Judgment reversed.

Zimmerman, Taet and O’Neill, JJ., concur.
Matthias, Bell and Herbert, JJ., dissent.